**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BEVERAGE DISPENSING SOLUTIONS, LLC,**<br>Plaintiff,<br>v.<br><br>**CORNELIUS, INC.,**<br><br>Defendant. | Case No. 17-cv-3988<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Beverage Dispensing Solutions, LLC ("BDS" or "Plaintiff") filed this Complaint against Cornelius, Inc. ("Cornelius" or "Defendant") for infringement of U.S. Patent No. 9,090,446 ("the '446 patent") and U.S. Patent No. 9,090,449 ("the '449 patent") (collectively "the patents-in-suit" or "asserted patents").

## THE PARTIES

1. Plaintiff is an Illinois limited liability company with its principal place of business located at 836 Diamond St., Laguna Beach, CA 92651.

2. Defendant is a Minnesota corporation with its principal place of business located at 101 Broadway Street West, Osseo, Minnesota 55369.

3. Defendant also maintains an office, engineering center, and manufacturing site in Glendale Heights, Illinois.

## JURISDICTION AND VENUE

4. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and/or has regular and established places of business in this district. As indicated on Defendant's website, www.corenlius.com, Defendant maintains an office, engineering center, and manufacturing site located at 101 Regency Drive, Glendale Heights, Illinois 60139.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement in this judicial district as described herein; (B) having a corporate headquarters in this judicial district; and (C) regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to Illinois residents.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 9,090,446)**

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

9. Plaintiff is the exclusive licensee of the '446 patent, entitled "Appliance with dispenser" with all substantial rights to the '446 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '446 patent is attached as Exhibit 1.

10. The '446 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

11. Defendant has, and continues to, directly infringe one or more claims of the ’446 patent in this judicial district and elsewhere in Illinois and the United States.

12. In particular, Defendant has, and continues to, infringe at least claims 1, 3, 4, 6, 13, 15, 16, and 18 of the ’446 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its IDC Pro beverage dispensing apparatus.

13. Defendant is liable for these infringements of the ’446 patent pursuant to 35 U.S.C. § 271.

**INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))**

14. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the ’446 patent by inducing direct infringement by users of its IDC Pro beverage dispensing apparatus.

15. Defendant has had knowledge of the ’446 patent since at least as early as service of the original complaint in this matter. On information and belief, despite having knowledge of the ’446 patent, Defendant has specifically intended for persons who acquire and use the IDC Pro beverage dispensing apparatus, including Defendant’s customers and end consumers, to acquire and/or use such devices in a way that infringes the ’446 patent, including at least claims 1, 3, 4, 6, 13, 15, 16, and 18, and Defendant knew or should have known that its actions were inducing infringement.

16. Defendant instructs and encourages users to use its IDC Pro beverage dispensing apparatus in a manner that infringes the ’446 patent. For example, see http://www.cornelius-usa.com.

17. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the ’446 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))**

18. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the ’446 patent by contributing to the direct infringement of users of its IDC Pro beverage dispensing apparatus.

19. Defendant has had knowledge of the ‘446 patent since at least as early as service of the original complaint in this matter. Despite this knowledge, Defendant has knowingly sold, and continues to sell, its IDC Pro beverage dispensing apparatus even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

20. The only use demonstrated for Defendant’s IDC Pro beverage dispensing apparatus on Defendant’s website is an infringing use. *See* http://www.cornelius-usa.com. IDC Pro beverage dispensing apparatus is especially made and/or adapted for use in infringing the ’446 patent.

21. Plaintiff has been damaged as a result of Defendant’s infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant’s infringements, which, by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 9,090,449)**

22. Plaintiff incorporates paragraphs 1 through 21 herein by reference.

23. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

24. Plaintiff is the exclusive licensee of the ’449 patent, entitled “Appliance having a user interface panel and a beverage dispenser,” with all substantial rights to the ’449 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the ’449 patent is attached as Exhibit 2.

25. The ’449 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

26. Defendant has, and continues to, directly infringe one or more claims of the ’449 patent in this judicial district and elsewhere in Georgia and the United States.

27. In particular, Defendant has, and continues to, infringe at least claims 18 and 27 of the ’449 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its IDC Pro beverage dispensing apparatus.

28. Defendant is liable for these infringements of the ’449 patent pursuant to 35 U.S.C. § 271.

**INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))**

29. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the ’449 patent by inducing direct infringement by users of its IDC Pro beverage dispensing apparatus.

30. Defendant has had knowledge of the ’449 patent at least as early as service of the original complaint in this matter. On information and belief, despite having knowledge of the ’449 patent, Defendant has specifically intended for persons who acquire and use the IDC Pro beverage dispensing apparatus, including Defendant’s customers and end consumers, to acquire and/or use such devices in a way that infringes the ’449 patent, including at least claims 18 and 27, and Defendant knew or should have known that its actions were inducing infringement.

31. Defendant instructs and encourages users to use its IDC Pro beverage dispensing apparatus in a manner that infringes the ’449 patent. For example, see http://www.cornelius-usa.com.

32. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the ’449 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))**

33. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the ’449 patent by contributing to the direct infringement of users of its IDC Pro beverage dispensing apparatus.

34. Defendant has had knowledge of the ’449 patent at least as early as service of the original complaint in this matter. Despite this knowledge, Defendant has knowingly sold, and continues to sell, its IDC Pro beverage dispensing apparatus even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

35. The only use demonstrated for Defendant’s IDC Pro beverage dispensing apparatus on Defendant’s website is an infringing use. *See* http://www.cornelius.com. Defendant’s IDC Pro beverage dispensing apparatus are especially made and/or adapted for use in infringing the ’449 patent.

36. Plaintiff has been damaged as a result of Defendant’s infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant’s infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the ’446 patent and/or the ’449 patent have been infringed, either literally and/or under the doctrine of equivalents by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant’s infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: May 25, 2017

BEVERAGE DISPENSING SOLUTIONS, LLC

By: /s/ *Timothy E. Grochocinski*

Timothy E. Grochocinski
Illinois Bar No. 6295055
Joseph P. Oldaker
Illinois Bar No. 6295319
NELSON BUMGARDNER, P.C.
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1975
tim@nelbum.com
joseph@nelbum.com

**COUNSEL FOR PLAINTIFF BEVERAGE DISPENSING SOLUTIONS, LLC**